# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RAY ROBLES,<br><br>    Petitioner,<br><br>vs.<br><br>DERRAL G. ADAMS, Warden,<br><br>    Respondent. | Civil No.    07cv2069-JAH (PCL)<br><br>**ORDER TRANSFERRING ACTION TO UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION** |

Petitioner, a California state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a conviction from the Riverside County Superior Court in Riverside, California. In accordance with the practice of district courts in California, the Court transfers the Petition to the United States District Court for the Central District of California, Eastern Division.

A petition for writ of habeas corpus may be filed in the United States District Court of the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. See 28 U.S.C. § 2241(d); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 497 (1973). Petitioner here attacks a conviction suffered in the Riverside County Superior Court in Riverside, California. (Pet. at 2.) That court is located in Riverside County, which is within the jurisdictional boundaries of the United States District Court for the Central District of California, Eastern Division. See 28 U.S.C. § 84(c)(1). Petitioner is presently

1. confined at Corcoran State Prison in Corcoran, California. That prison is located in Kings,
2. County, California, within the jurisdictional boundaries of the United States District Court for
3. the Eastern District of California. See 28 U.S.C. § 84(b). Jurisdiction over this Petition thus
4. exists in the Central District of California, Eastern Division, and in the Eastern District of
5. California. See 28 U.S.C. § 2241(d).

6. Although this Court does not have jurisdiction over the action, "[u]nder a provision of the
7. Federal Courts Improvement Act, 28 U.S.C. § 1631, if a court finds that there is a want of
8. jurisdiction the court shall transfer the action to any other such court in which the action could
9. have been brought 'if it is in the interest of justice.'" Miller v. Hambrick, 905 F.2d 259, 262 (9th
10. Cir. 1990) (citing In re McCauley, 814 F.2d 1350, 1351-52 (9th Cir. 1987)). The Ninth Circuit
11. has held that transferring a habeas corpus proceeding to a district with proper jurisdiction will
12. be in the interest of justice because normally dismissal of an action that could be brought
13. elsewhere is "time-consuming and justice-defeating." Miller, 905 F.2d at 262 (quoting
14. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962). Therefore, pursuant to 28 U.S.C. § 1631,
15. this Court may transfer this proceeding to a district with proper jurisdiction under 28 U.S.C.
16. § 2241(d). It is generally the practice of the district courts in California to transfer habeas
17. actions challenging a state conviction to the district in which a petitioner was convicted. Any
18. and all records, witnesses and evidence necessary for the resolution of a petitioner's contentions
19. are more readily available in that district. See Braden, 410 U.S. at 497, 499 n.15; Laue v.
20. Nelson, 279 F. Supp. 265, 266 (N.D. Cal. 1968). In this case, that district is the Central District
21. of California, Eastern Division. Therefore, in the furtherance of justice,

22. **IT IS ORDERED** that the Clerk of this Court transfer this matter to the United States
23. District Court for the Central District of California, Eastern Division. See 28 U.S.C. § 2241(d).

24. **IT IS FURTHER ORDERED** that the Clerk of this Court serve a copy of this Order
25. upon Petitioner and upon the California Attorney General.

26. DATED: November 14, 2007

HON. JOHN A. HOUSTON
United States District Judge